9197/PMK/JAD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
61 BROADWAY, SUITE 3000
NEW YORK, NEW YORK 10006
212-344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CNA INSURANCE COMPANY <br><br>       Plaintiff <br>   -against- <br><br> M/V TRIESTE; HER ENGINES, TACKLES, BOILERS, ETC. AND EVERGREEN MARINE CORPORATION AND SHENDA INTERNATIONAL INC. <br><br>       Defendants | **08 cv 6122 (Stein)** <br> **ECF** <br><br> **EVERGREEN MARINE CORPORATION'S ANSWER TO THE COMPLAINT WITH CROSS CLAIM** |

  Defendant Evergreen Marine Corporation (Taiwan) Ltd. incorrectly named herein Evergreen Marine Corporation by and through its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers the plaintiff's CAN Insurance Company's (hereinafter collectively referred to as "plaintiff"), complaint 08 cv 6122 (Stein) as follows:

1. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph FIRST of plaintiff's complaint.

2. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph SECOND of plaintiff's complaint.

3. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph THIRD of plaintiff's complaint.

## THE PARTIES

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph FOURTH of plaintiff's complaint.

5. Admit that at and during all times hereinafter mentioned, EMC was and is a foreign corporation organized and existing under and by virtue of the laws of the Republic of China which has an agent, Evergreen Shipping Agency (America) Corporation ("EAC"), with an office at One Evertrust Plaza, Jersey City, New Jersey 07302; except as so specifically admitted EMC denies all of the remaining allegations in paragraph FIFTH of plaintiff's complaint.

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph SIXTH of plaintiff's complaint.

## FIRST CAUSE OF ACTION AGAINST EMC

7. Denies the allegations contained in paragraph SEVENTH of plaintiff's complaint, except admits that containers numbered EISU1525884 and EISU1550151, said to contain "Bopet Film", were shipped from Shanghai to Charleston, South Carolina aboard the M/V TRIESTE v. 0273-004E pursuant to all of the terms and conditions of the applicable bill of lading contract, EISU142780540488 dated May 5, 2007.

8. Denies the allegations contained in paragraph EIGHTH of plaintiff's complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph NINTH of plaintiff's complaint.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph TENTH of plaintiff's complaint.

11. Denies the allegations contained in paragraph ELEVENTH of plaintiff's complaint.

## SECOND CAUSE OF ACTION AGAINST EMC

12. EMC repeats and realleges each and every each and every answer, denial, denial of knowledge and information in paragraphs 1 through 11 of its answer as if set forth herein at length.

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph THIRTEENTH of plaintiff's complaint.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph FOURTEENTH of plaintiff's complaint.

15. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph FIFTHEENTH of plaintiff's complaint.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in 1st paragraph SIXTEENTH of plaintiff's complaint.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in 2nd paragraph SIXTEENTH of plaintiff's complaint.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph SEVENTEENTH of plaintiff's complaint.

18. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph EIGHTEENTH of plaintiff's complaint.

## FOURTH (SIC) CAUSE OF ACTION AGAINST EMC

19. EMC repeats and realleges each and every each and every answer, denial, denial of knowledge and information in paragraphs 1 through 18 of its answer as if set forth herein at length.

20. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph TWENTIETH of plaintiff's complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

21. The shipment in question was to be carried from a foreign port to a U.S. port pursuant to a bill of lading contract and EMC's Tariff and was therefore subject to United States Carriage Of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

22. EMC claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contract to the full extent as may be applicable.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

23. EMC claims the benefit of the Harter Act, the provisions of the General Maritime law, applicable United States foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

24. That if the goods in suit were damaged, which is denied, said damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

25. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

26. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which EMC is not liable under the Carriage of Goods By Sea Act, 46 U.S.C. Section 1304 (2)(m), and by the terms of the contract of carriage.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

27. That if plaintiff's cargo suffered any damage, which EMC denies, then such damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants or the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(Q).

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

28. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which the EMC is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

29. That if the goods in suit were damaged, which is denied, the damage was proximately caused by a third party, over which EMC exercised no control.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

30. That the terms of accord and satisfaction on the claim have been met.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

31. Fails to state a cause of action against EMC since EMC paid the claim to plaintiffs assured and was released from all liability relating to such claims by said assured, co-defendant Shenda International.

### AS AND FOR IT'S CROSS-CLAIM AGAINST DEFENDANT SHENDA INTERNATIONAL DEFENDANT EMC ALLEGES AS FOLLOWS:

32. EMC repeats and realleges each and every admission, denial and denial of knowledge or information contained in paragraphs 1 through 20 inclusive of this answer, with the same force and effect as if herein set forth at length.

33. If there was any loss or damage to the shipment referred to in the complaint, which is denied, and said loss of damage caused any liability to defendant EMC, then the said liability was brought about by defendant Shenda International's negligence and/or breach contract and/or breach of warranties, implied or expressed, and by reason thereof, defendant EMC is entitled to full indemnity and/or contribution from defendant Shenda International for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant EMC prays that the complaint against it be dismissed or in the alternative, if for any reason EMC is found liable, then its cross-claims be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: August 20, 2008
New York, New York

Respectfully submitted,
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
*Attorneys for Evergreen Marine Corporation*

                      By:__S/ Paul M. Keane (PMK-5934)
                          61 Broadway, Suite 3000
                          New York, NY 10006
                          Telephone: (212) 344-7042
                          Telefax: (212) 344-7285

**CERTIFICATE OF SERVICE BY ECF and US MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On August 20, 2008, I served by ECF and US Mail a complete copy of EVERGREEN MARINE CORPORATION'S answer to the complaint with cross claim against to the following parties:

McDermott & Radzik, LLP
Attention George Daly (GD-8616)
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
212-376-5400
MR Ref: 66-08-76 ECR/GRD

Shenda International Inc.
52 Argyle Road
Albertson, NY 11507
516-741-2261


DATED:    August 20, 2008
          New York, New York


                    S/ Jessica De Vivo    (JAD/6588)
                        Jessica De Vivo